IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JERI MICHELLE MARKS** ) | |
| **BOP Reg. # 13964-003,** ) | |
|    Petitioner, ) | |
| ) | **CIVIL ACTION NO. 16-00455-CG** |
| v. ) | |
| ) | **CRIMINAL ACTION NO. 14-00054-CG-N-3** |
| **UNITED STATES OF AMERICA,** ) | |
|    Respondent. ) | |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the *pro se* motion filed by Defendant Jeri Michelle Marks dated August 23, 2016, and entitled "Minor-role Amendment Reduction 3B1.1" (Doc. 362[1]). Marks, who was sentenced on February 19, 2015 (*see* Doc. 176), seeks a reduction of her term of imprisonment based on Guideline Amendment 794, which modified U.S.S.G. § 3B1.2 effective November 1, 2015.

> "[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances. § 3582(b). Section 3582(c)(2) establishes an exception to the general rule of finality "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o* )" and made retroactive pursuant to § 994(u). In such cases, Congress has authorized courts to "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2).

*Dillon v. United States*, 560 U.S. 817, 824–25 (2010).

---

[1] All "Doc." citations herein refer to the docket of the above-styled criminal action.

However, "amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under [U.S.S.G ]§ 1B1.10(c)." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).  The U.S. Sentencing Commission has not listed Amendment 794 as retroactive. *See* U.S.S.G. 1B1.10(a)(1) ("In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2)."), (d) ("Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).").

"[I]t is now well settled in this Circuit that clarifying amendments are retroactive[,]"  *Armstrong*, 347 F.3d at 908, and the Eleventh Circuit Court of Appeals has recently held that Amendment 794 is a clarifying amendment.  *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016).  However, " 'clarifying amendments' are no exception to th[e] rule" that an amendment must be listed under U.S.S.G § 1B1.10(c) to entitle a movant to relief under § 3582(c)(2), "and may only be retroactively applied on direct appeal of a sentence or under a [28 U.S.C. ]§ 2255 motion." *Armstrong*, 347 F.3d at 909.  Thus, the undersigned construes the present motion (Doc. 362) as a motion to alter, amend, or vacate sentence under 28 U.S.C. § 2255, and now must "review the district court's ruling in light of the

Guidelines, [Eleventh Circuit] case law, and clarifying Amendment 794." *Cruickshank*, 837 F.3d at 1194[2]

Having conducted preliminary review in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the undersigned finds that Amendment 794 provides Marks no relief. Marks pled guilty to Counts 1 and 7 of the indictment, charging, respectively, the offenses of conspiracy to possess with intent to distribute methamphetamine, in violation of 18 U.S.C. § 846, and using, carrying, or possessing a firearm in furtherance of and in relation to a drug trafficking felony, in violation of 18 U.S.C. § 924(c)(1). (*See* Docs. 89, 176). The factual resume accompanying her plea agreement stated: "The parties … agree that the defendant appears to have occupied a minor role in the conspiracy." (Doc. 81-1 at 10). The PSI noted this "minor role" stipulation in decreasing Marks's offense level by two points under § 3B1.2(b). (Doc. 151 at 11, §

---

[2]   Marks's motion (Doc. 362) has been referred to the undersigned Magistrate Judge who, under S.D. Ala. GenLR 72(a)(2)(R), is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of these proceedings brought under 28 U.S.C. § 2255, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R). *See* S.D. Ala. GenLR 72(b); (8/26/2016 electronic referral).

   Marks appears to recognize that she must request relief from this Court under Amendment 794 in a § 2255 motion. (*See* Doc. 362 at 1 ("To recieve [sic] the benefit of this amendment one must file under direct appeal or under 2255 U.S.C. 28 [sic].")). Moreover, by previous order (Doc. 374), the undersigned informed Marks that the Court intended to treat her motion as a § 2255 motion, notified her that this characterization could subject her to the "second or successive" bar for subsequent § 2255 motions, and gave her until January 3, 2017, to either withdraw the present motion or file an amended § 2255 motion on the Court's form that includes all claims for relief she may wish to raise. *See Castro v. United States*, 540 U.S. 375 (2003). That order has not been returned to the Court as undelivered, and to date Marks has filed nothing further in this action.

40). Ultimately, the PSI calculated a total offense level of 29 and a criminal history category of I, resulting in a guideline imprisonment range of 87 to 108 months as to Count 1, with a consecutive imprisonment term of 5 years being statutorily mandated as to Count 7. (*Id.* at 17). Marks filed no objections to the PSI, nor did she present additional evidence or argument at sentencing regarding her role in the offense (*see* Doc. 236 [Transcript of Sentencing Hearing]). The Court adopted the PSI without change and sentenced her to 87 months imprisonment as to Count 1, the low end of the guideline range, and the mandatory consecutive 60-month sentence of imprisonment for Count 7. (*See* Docs. 151, 176, 177).

Given that Marks and the Government stipulated that she was entitled to a "minor role" reduction as part of her plea agreement, the Court did not err in awarding Marks only a 2-point "minor role" reduction under § 3B1.2, rather than a 4-point "minimal role" reduction or a 3-point reduction for participation falling between "minor" and "minimal." *See United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006) (per curiam) ("A sentencing court's findings of fact may be based on undisputed statements in the PSI."); *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989) ("The findings of fact of the sentencing court may be based on evidence heard during trial, facts admitted by a defendant's plea of guilty, undisputed statements in the presentence report, or evidence presented at the sentencing hearing."). Because it plainly appears from the motion and the record that Marks is not entitled to relief, the undersigned finds that her § 2255 motion

(Doc. 362) is due to be **DISMISSED with prejudice** under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing § 2255 Proceedings.  An applicant is entitled to appeal a district court's denial of her § 2255 motion only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  *See also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).  The undersigned finds that reasonable jurists could not debate whether Marks's § 2255 motion should be resolved in a different manner or

...

that any of the issues presented is adequate to deserve encouragement to proceed further. Accordingly, the undersigned finds that Marks should be **DENIED** a Certificate of Appealability as to the present § 2255 motion (Doc. 362).

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be

unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).  Having considered the issues raised as set forth above, the undersigned finds that any appeal by Marks of the dismissal of her § 2255 motion (Doc. 362) would be without merit and therefore not taken in good faith.

In accordance with the foregoing analysis, it is **RECOMMENDED** that Marks's motion dated August 23, 2016, and entitled "Minor-role Amendment Reduction 3B1.1" be construed as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 362) and be **DISMISSED with prejudice**. It is further **RECOMMENDED** that the Court find Marks not entitled to a Certificate of Appealability, and that the Court certify that any appeal by Marks would not be taken in good faith, thus preventing her from proceeding *in forma pauperis* on appeal.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 31st day of January 2017.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**