# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JERI MICHELLE MARKS ) | |
| BOP Reg. # 13964-003, ) | |
|    Movant, ) | |
| ) | CRIMINAL ACTION NO. 1:14-00054-CG-N-3 |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|    Respondent. ) | |

## REPORT AND RECOMMENDATIONS

Jeri Michelle Marks, a federal prisoner proceeding without counsel (i.e., *pro se*), has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated February 25, 2019 (Doc. 402), challenging the judgment entered against her in the above-styled criminal action. The assigned District Judge has referred the motion to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (3/6/2019 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the § 2255 motion, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Upon consideration, the undersigned finds that Mark's present § 2255 motion is due to be **DISMISSED without prejudice** as an unauthorized second or successive motion.

I. *Analysis*

A. **Second or Successive Motion**

Previously, Marks filed *pro se* a motion dated August 23, 2016, and entitled "Minor-role Amendment Reduction 3B1.1" (Doc. 362) (hereinafter, "the 2016 Motion"). By order entered November 18, 2016 (Doc. 374), the undersigned informed Marks that she could only seek the relief sought in the 2016 Motion by requesting it in a § 2255 motion. In accordance with *Castro v. United States*, 540 U.S. 375 (2003),[1] the undersigned advised Marks that the Court intended to treat the 2016 Motion as a § 2255 motion, informed her that subsequent § 2255 motions would be subject to the second-or-successive requirements of 28 U.S.C. § 2255(h) if the construed motion was denied, and gave her a reasonable period in which to either withdraw her motion or file an amended § 2255 motion that included all claims for relief she desired to raise. (*See* Doc. 374). After that deadline passed with no response from Marks, the undersigned entered a recommendation that the Court treat the 2016 Motion as a § 2255 motion and deny it. (Doc. 376). Marks filed no objections to that recommendation, and on March 3, 2017, the Court adopted the recommendation and dismissed the motion with prejudice. (Docs. 379, 380). Marks took no appeal of that decision. Accordingly, the present § 2255 motion is second or successive.

---

[1] *Castro* "held that before a federal court may recharacterize a prisoner's pro se pleading as a § 2255 motion, it *must* notify the prisoner, warn him that the recharacterization will subject any subsequent § 2255 motion to the second or successive motion bar, *see* 28 U.S.C. § 2255(h), and provide him with an opportunity to withdraw or amend the motion. *Castro,* 540 U.S. at 383, 124 S. Ct. 786. Failure to provide such notice means that the prisoner's recharacterized motion will not be deemed to be his first § 2255 motion for the purposes of federal law. *Id.*" *Zelaya v. Sec'y, Fla. Dep't of Corr.*, 798 F.3d 1360, 1367 (11th Cir. 2015).

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion…" Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); *In re Clayton*, 829 F.3d 1254 (11th Cir. 2016) ("Charles Clayton seeks permission to file a 28 U.S.C. § 2255 motion based on *Johnson v. United States*, ––– U.S. ––––, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Because Mr. Clayton previously filed a § 2255 motion, his new motion must be 'certified as provided in section 2244 by a panel of the appropriate court of appeals to contain ... a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' 28 U.S.C. § 2255(h)(2)."); *Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion."). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam). *See also Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the court of appeals

before filing it with the district court. See § 2244(b)(3)(A). The district court must dismiss any claim presented in an authorized second or successive application unless the applicant shows that the claim satisfies certain statutory requirements. *See* § 2244(b)(4). Thus, if Magwood's application was 'second or successive,' the District Court should have dismissed it in its entirety because he failed to obtain the requisite authorization from the Court of Appeals."). Here, there is no indication that Marks has received such authorization prior to bring her present § 2255 motion (Doc. 402).[2] Accordingly, the motion is due to be **DISMISSED without prejudice** for lack of jurisdiction.[3]

### B.     Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More

---

[2] While Marks asserts that the claims she raises in her present § 2255 motion "satisf[y] the successive petition requirements of 2255(H)(2)" (Doc. 402 at 7), this Court cannot decide that issue. Rather, Marks must petition the Eleventh Circuit Court of Appeals for an order certifying that § 2255(h) is satisfied before this Court can decide the merits of the present § 2255 motion.

[3] Generally, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in a § 2255 proceeding. Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. However, a COA is unnecessary when, as here, the district court is dismissing a successive petition for lack of jurisdiction. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).

specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished). As Marks's present § 2255 motion is clearly due to be dismissed as an unauthorized second or successive motion under established precedent, the undersigned finds that any appeal of that decision would frivolous.[4]

## II.   *Conclusion*

In accordance with the foregoing analysis, it is **RECOMMENDED** that Marks's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 dated February 25, 2019 (Doc. 402), be **DISMISSED without prejudice** for lack of jurisdiction. It is further **RECOMMENDED** that the Court certify that any appeal by Marks of the dismissal of her second § 2255 motion would be without merit and therefore not taken in good faith, thus denying her entitlement to appeal *in forma pauperis*.

**DONE** this the 7th day of March 2019.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Should the Court ultimately deny leave to appeal *in forma pauperis*, Marks may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.